**STATE ex LIEGHLEY v POTTER et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12628. Decided June 13, 1932

Thompson, Hine & Flory, Cleveland, for relator.

C. M. Vrooman, Cleveland, for defendants.

the stockholders to get control of this corporation by refusing to let the majority of the stock vote under the circumstances of this case, and we, therefore, hold that the plaintiff is entitled to the relief that he seeks; not only that the Board of Directors that was elected under the circumstances by the minority of the stockholders after the Teare stock had been refused the right to vote must be ousted as holding office illegally and without being properly elected, but that the Board of Directors that was elected by the votes of the Teare stock should be inducted into office; and that will be the order of the court; that the relator be granted the relief that he seeks; that the Board of Directors elected at the meeting in which the Teare stock was refused to participate be ousted, and that the Board of Directors elected by the Teare stock be inducted into office. See §12318 GC.

A journal entry may be prepared carrying this judgment into effect.

LEVINE, PJ, and WEYGANDT, J, concur.

## FOSTER, ESTATE OF, IN RE

Ohio Appeals, 4th Dist, Adams Co

Decided May 24, 1932

W. P. Tucker, West Union, for the motion.
C. S. Demint, West Union, against the motion.

VICKERY, J.

The case was presented to this court upon a writ of quo warranto and a demurrer to the writ. All the essential facts were set up in the petition and the attorneys co-operated in presenting the matter in such a shape that it could be fairly tested upon the demurrer; and the case was ably argued by learned counsel upon both sides and many authorities have been presented to the court, both pro and con.

We have examined this question with much care because it is a very important question and have come to the conclusion that the relator is entitled to the relief that he seeks; that under the circumstances of this case, whatever by-laws required, the notification of the change of stock within ten days before the election, had been abrogated so far as it related to the Teare stock by reason of the long years of concurring in having this stock voted, even though it stood in the name of Elmer Teare, the deceased owner of the stock; and it would be unjust and unrighteous for a minority of